# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4460 | **DATE** | 9/27/2012 |
| **CASE TITLE** | Top Tobacco, L.P., et al. vs. Midwestern Cash and Carry, LLC, et al., | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in this order, the Court overrules defendants' objections to Magistrate Judge Valdez's Report and Recommendation ("R&R") [136], adopts the R&R in its entirety, and grants in part plaintiffs' motion for default judgment or sanctions [110]. Plaintiffs are ordered to submit to the Court evidence to support the monetary portion of the sanctions award within fourteen days of the date of this order.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

     Plaintiffs have sued defendants for trademark infringement and unfair competition arising from the alleged sale of counterfeit cigarette rolling papers bearing plaintiffs' TOP brand. Defendant Nusrat Choudri, who is a principal of defendant Midwestern Cash and Carry, admitted that, after he learned of the lawsuit, he disposed of all of Midwestern's TOP brand rolling papers except one box, which he gave to his counsel. Following this admission, plaintiffs asked the Court to enter a default judgment or impose other sanctions against defendants for spoliation of evidence. The Court referred the motion to Magistrate Judge Valdez, who recommended that the Court grant plaintiffs' motion in part and sanction defendants by: (1) giving a jury instruction on spoliation of evidence; (2) barring defendants from attempting to prove that the destroyed evidence was not counterfeit TOP brand product; and (3) ordering them to pay the attorney's fees and costs plaintiffs incurred in connection with the sanctions motion. (*See* 8/3/12 R&R.) Defendants object to the R&R which, as the parties agree, the Court reviews *de novo*. (*See* Defs.' Objs. R&R at 3-4; Pls.' Resp. Defs.' Objs. R&R at 7-8.)

     The Court imposes discovery sanctions to: (1) lessen the prejudice from a discovery violation; (2) punish the party who committed the violation; and/or (3) deter others from committing such violations in the future. *See Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (per curiam); *Marrocco v. Gen. Motors Corp.*, 966 F.2d 220, 224 (7th Cir. 1997). The Court has broad discretion to determine what sanction, if any, to impose, *Marrocco*, 966 F.2d at 223, and in doing so, considers whether: (1) the party against whom sanctions are sought breached a duty to preserve evidence; (2) the breach was the result of willfulness, bad faith or fault; (3) the party seeking sanctions was prejudiced; and (4) the extent to which the prejudice can be lessened by sanctions. *MacNeil Auto. Prods. Ltd. v. Cannon Auto., Ltd.*, No. 08 C 139, 2010 WL 5904124, at *3 (N.D. Ill. Nov. 2, 2010).

     Choudri admitted that he destroyed the contested rolling papers immediately after he received plaintiffs' complaint because there was "some problem" with the papers and he was "scared." (*See* Pls.' Mot. Default J.

| STATEMENT |
|---|

& Sanctions, Ex. A, 2/16/12 Choudri Dep. at 110-17; *id.*, Ex. C, 3/23/12 Choudri Dep. at 257-59, 261-66.) Thus, he clearly breached the duty to preserve the contested rolling papers and did so in bad faith or, at the very least, with fault. *See Trask-Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 681 (7th Cir. 2008) (stating that a party has a duty to preserve evidence when "it kn[ows], or should . . . know[] that litigation [i]s imminent"); *Marrocco*, 966 F.2d at 224 (stating that bad faith "is characterized by conduct which is either intentional or in reckless disregard of a party's obligations," and fault "describes the reasonableness of the conduct – or lack thereof – which eventually culminated in the violation").

Defendants contend, however, that their actions did not prejudice plaintiffs because: (1) plaintiffs' investigators bought purportedly counterfeit TOP papers from Midwestern before the suit was filed; and (2) Choudri gave one box of the disputed papers to his lawyer. Thus, plaintiffs still have the ability to prove their case.

Even if that is true, it does not mean that defendants' actions were harmless. Rather, as plaintiffs point out, they now cannot: (1) determine "whether the boxes that were destroyed came from the same source as the product previously [obtained by] plaintiffs' investigat[ors] or the same source as the 'one box' that [defendants] *specifically* selected and 'preserved'"; (2) "won't be able to find out, much less challenge Defendants' claim to have made an errant purchase of counterfeit goods from a single source"; or (3) "physically account for the number or source of counterfeit products in Defendants' possession" to prove damages. (Pls.' Resp. Defs.' Objs. R&R at 12-13) (emphasis original). Moreover, though sanctions will not reconstitute the evidence that defendants have destroyed, they will prevent defendants from prevailing *because of* their discovery violations, deter defendants and others from engaging in similar conduct in the future and reimburse plaintiffs for the attorney's fees and costs they had to expend to litigate this issue.

In short, the sanctions recommended by Magistrate Judge Valdez are factually and legally justified and proportional to the severity of defendants' conduct. Therefore, the Court overrules defendants' objections to the R&R, adopts the R&R [136] in its entirety, and grants in part plaintiffs' motion for default judgment or sanctions [110]. Plaintiffs are ordered to submit to the Court evidence to support the monetary portion of the sanctions award within fourteen days of the date of this order.